## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### WALKER'S ADM'R. & ANOTHER *v.* TYLER.

#### April 15, 1897.

1. CONTRACTS—*Limitations—Interest in land—Statute of frauds.*—One who expends his money in aiding the owner of a lot in erecting a house thereon, but takes no evidence of the amount advanced, and can show no contract for the purchase of any interest in the lot, becomes a simple contract creditor of the owner, and his claim for repayment is barred after the lapse of the statutory period within which an action may be maintained on such contracts, although he may have labored under the impression that he was to have an interest in the house and lot at the death of the owner. If there was a contract for an interest in the house and lot the statute of frauds would preclude any action thereon unless it was in writing.

Appeal from a decree of the Law and Equity Court of the city of Richmond, pronounced August 2, 1895, in two chancery causes heard together, the one under the style of *Walker* v. *Walker & others*, and the other under the style of *Mary Tyler* v. *Walker's Adm'r & others*.

*Reversed.*

Henderson Walker departed this life intestate in January, 1893, seised and possessed of both real and personal estate. His heirs were his mother, six brothers, a sister, and the children of two brothers and one sister, who had died. On the 24th of March, 1894, Samuel Walker, a brother, instituted this suit in the Law and Equity Court of Richmond against the other heirs for the purpose of having a partition in kind of his real estate, if that were practicable, if not, to have the same sold and a division of the proceeds. Inquiries were directed to ascertain whether the land could be partitioned in

any of the methods prescribed by law, and, upon the report of the commissioners that it could not be, there was a decree for the sale. The land was sold on April 25, 1894, at the price of $690. This sale was confirmed June 1, 1894. On April 27, 1894, the appellee, Mary D. Tyler filed her petition in this suit alleging that she was a creditor of Henderson Walker, and that he was indebted to her on three separate accounts. She averred that an agreement had been made between her and Walker for the construction of a house on the lot of which he died seised, and which was sold under proceedings in the cause, and that he had agreed to give her an interest in the house and lot; that she contributed towards the construction of the house some time in the year 1888 the sum of $450, which he had failed to pay her. She also claimed that she had caused to be deposited in one of the banks of the city of Richmond the sum of $205 in the year 1891, of which $100 was her individual money, but for the whole of which a certificate of deposit was taken in his name and payable to his order. She furthermore asserted a claim for $75, paid for the funeral expenses of the said Henderson Walker, for which she had recovered judgment against his administrator. She prayed to be admitted a party defendant to the suit, and that her claims should be paid out of the proceeds of the house and lot. She sets forth in her petition that she had been ignorant of the pendency of the suit until recently theretofore, and had instituted a suit in her own name in the Chancery Court of the city of Richmond against the administrator and heirs at law, so far as known to her, of Henderson Walker, deceased, to subject his estate to the payment of her claims. The same claims are asserted by her in an independent bill (referred to in petition) filed in the Chancery Court of the city of Richmond May 15, 1894. The administrator and heirs of Henderson Walker denied that he was indebted to her for any sum whatever, but on the contrary averred that she was indebted to Henderson Walker. They

also relied upon the statute of limitations as a bar to the claim and on the statute of frauds requiring contracts for the sale of real estate to be in writing. The case was referred to a commissioner and he reported in favor of all three of the claims asserted by Mary D. Tyler. Exceptions were filed to the report but were overruled, and a decree pronounced in her favor in the two causes heard together August 2, 1895. From that decree the present appeal was allowed.

*A. W. Patterson* and *J. Samuel McCue*, for the appellants.

*Kirkwood Mitchell* and *S. S. P. Patteson*, for the appellees.

HARRISON, J., delivered the opinion of the court.

The court is of opinion that the relation of the appellee to the estate of Henderson Walker, deceased, was that of a general creditor, with a claim for money loaned or expended by her for him, and resting upon a verbal contract made in 1888; and, the statutory period having elapsed since the right of action accrued without suit being brought to enforce payment the claim is clearly barred (see section 2920, Code 1887), and therefore the lower court erred in overruling the plea of the statute of limitations filed by the appellants.

Touching the claim in question the allegation of appellee's bill is that some time in the year 1888, Henderson Walker determined to build a house upon a lot owned by him in the city of Richmond, and proposed to appellee that if she would contribute toward the expense of building the house she should have an interest in the house and lot proportioned to her contribution. This alleged agreement was not reduced to writing, and, after the death of Henderson Walker in 1893, appellee brought this suit to settle the estate of Henderson Walker, deceased, and to enforce the payment of her contribution toward building the house as a demand against the es-

tate.   The commissioner, to whom the case was referred for a report of debts, ascertained that appellee was entitled to $400 and interest on that account, and that the claim was not barred by the statute of limitations, because Henderson Walker had promised to give appellee the house and lot at his death, and that therefore no right of action accrued to appellee until the death and failure of Henderson Walker to fulfil that promise.   An exception to this finding was overruled, and the report confirmed.

Without stopping to enquire as to the correctness of this conclusion, as a proposition of law, it is sufficient to say that no such agreement as is referred to by the commissioner is shown to have been made by the parties.   The only evidence suggesting such a view is a statement in the deposition of the contractor who built the house, who says: "I understood from Walker that, at his death, she (appellee) was to be the sole owner."   If this evidence had been sufficient to maintain the view taken by the commissioner, it was completely negatived by the pleadings in the case, and by the testimony of appellee herself, objection to which was waived at bar.

Nor can the contention of counsel, at bar, that a right of action did not accrue to appellee until the death of Walker, because she was laboring under a mistake as to her relations to the property, or because there was a failure of consideration, be sustained.   No contract of purchase by appellee, of an interest in the property, is shown to have existed.   On the contrary, the record clearly shows that appellee expended her money in aiding Walker to build a house on his lot, without taking any evidence thereof, and with some vague idea that she was to have an interest in the property.   She has, in ignorance no doubt, rested upon this idea until the mandate of the law, which cannot be suspended or enlarged, has barred her right of recovery, and she must suffer the consequences.

If the contention that there was an agreement by which

appellee was to have an interest in the property in proportion to her contribution toward the building was well founded, and could be maintained under the pleadings in this case it would avail nothing in the face of the plea of the statute of frauds relied on by appellants in the court below to meet this phase of appellee's case.

It is not pretended by appellee that there was ever a deed or will vesting this house and lot, or any interest therein, in her, nor is it shown that there was ever a writing of any sort evidencing her right to the whole or any part thereof. Hence by the very terms of the statute, appellee's claim to an interest in the house and lot must fail.

For the foregoing reasons the decree complained of must be reversed, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed.*